UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LARRY DEAN ROLLINS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 06-103-B-W |
| | ) |
| MARTIN MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at Maine State Prison, Warren, Maine, seeks leave to proceed *in forma pauperis*. On September 5, 2006, I entered an order reserving ruling on the application to proceed *in forma pauperis* and ordered that the plaintiff submit a properly completed application. That application was filed on September 20, 2006 and is accompanied by a Certificate signed by an authorized individual from the Institution. The Certificate evidences that the applicant has $0.00 in his account as of September 13, 2006; that over the last six months the average monthly deposits have been $3.33 and the average monthly balance has been $0.00.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $1.00. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00

until such time as the entire filing fee of $350.00 has been paid.  Plaintiff is advised that, in the event he is released from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

With respect to the part of his complaint that alleges a denial of access to court, Rollins should be aware that he must demonstrate the "loss or inadequate settlement of a meritorious case, ... the loss of an opportunity to sue, ... or the loss of an opportunity to seek some particular order of relief." Christopher v. Harbury, 536 U.S. 403, 414 (2002).

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee.  28 U.S.C. § 1915(g).

Now therefore, Plaintiff shall notify the Court no later than November 13, 2006, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.  If Plaintiff elects to proceed, the written notification shall clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action.  Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the

Business Office of FDC Philadelphia, Philadelphia, PA, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

Dated October 10, 2006.                    /s/ Margaret J. Kravchuk
                                           U.S. Magistrate Judge