UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LARRY DEAN ROLLINS, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>MARTIN MAGNUSSON, et al., )<br>)<br>    Defendants ) | Civil No. 06-103-B-W |

**PROCEDURAL ORDER CONDITIONALLY GRANTING MOTION
FOR AN EVIDENTIARY HEARING**

Larry Rollins, an inmate at the Maine State Prison, is suing multiple defendants alleging that they are responsible for the confiscation of his legal briefs and papers, thereby infringing his constitutionally guaranteed right of access to the courts. (Amended Compl., Docket No. 18.)   There are two motions for summary judgment pending in this case; one by the defendants on the sole argument that Rollins has not adequately exhausted his 42 U.S.C. § 1997e(a) remedies and, therefore, is barred from bringing his claim to federal court (Docket No. 33) and a cross motion for summary judgment by Rollins arguing that he <u>has</u> done everything in his power to exhaust his remedies but was hindered by the fact that he was put on a grievance restriction (Docket No. 41).[1]  Rollins has also filed a motion for an evidentiary hearing to address the outstanding issue of

---

[1]  Rollins also appears to be trying to mount a constitutional challenge to 42 U.S.C. § 1997e(a). However, that challenge has no traction unless this court actually contemplates dismissing his lawsuit because of his failure to exhaust procedures that were available to him.  If I am ultimately persuaded that Rollins could have exhausted this grievance back in 2005 and for whatever reason failed to do so, I am prepared to consider his constitutional challenge as a matter of law.  However, without a clear factual picture of what occurred in 2005, it would be premature to do so.  For all I know, based upon the scanty record presently before me, Rollins might have complied fully with the grievance procedure available to him at the time. The defendants' motion, and accompanying factual record, only addresses the untimely 2006 grievance.

exhaustion and to "permit the litigation to proceed more efficiently." (Mot. Evidentiary Hr'g at 1, Docket No. 46.)

Rollins's response to the defendants' motion for summary judgment and their statement of facts is not a model of compliance with summary judgment pleading standards. However, in his responsive pleadings and in his own cross-motion for summary judgment Rollins does set forth specific facts concerning his grievance efforts and he has filed affidavits which are good faith efforts to swear to the truth of the factual contents of his pleadings. (Dockets No. 39, Attach. 5; Docket No. 41, Part 2.) The defendants argue with respect to Rollins's summary judgment pleading that he has not complied with the District of Maine Local Rule 56 and stress that the affidavits do not contain their own facts.[2] It is true that Rollins's two affidavits are simply stand-alone documents with few facts recorded therein, but it is clear that he is attempting to assert that the statements in the accompanying materials are being made subject to the affirmation. I am mindful of Clarke v. Blaise, __ F. Supp. 2d __, 2007 WL 441874 (Feb. 12, 2007) and I believe that Rollins's pleadings -- while extremely problematic in terms of their form -- do contain factual nuggets, sufficiently sworn via the accompanying affidavit -- that place the issues material to the 42 U.S.C. § 1997e(a) exhaustion inquiry into genuine dispute. Furthermore, the defendants concede in their statement of facts that there was an earlier grievance in October 2005 somehow related to this entire matter.

---

[2] The defendants also argue that in his cross motion for summary judgment Rollins does not address any of his underlying claims but argues only "that he was somehow 'inhibited' from utilizing the administrative grievance procedures." (Mem. Opp'n Cross-Mot. Summ. J. at 2.) This position is a bit comical given that Rollins's motion is directed at defeating the defendants' argument that he has not exhausted his remedies and that the defendants' own motion is similarly targeted at this narrow question and not at the underlying claim. It is a bit frustrating to me that the merits of this lawsuit might be more easily addressed than this preliminary question of whether or not Rollins has exhausted the prison grievance procedure. However, the State has raised the issue and it is not susceptible to easy resolution on the record I have because it is not a simple matter of an untimely 2006 grievance relating to events that occurred in 2005. The waters are a great deal muddier.

The circumstances surrounding that grievance would be relevant to exhaustion issues vis-à-vis this claim.

Accordingly, unless the defendants notify the court by April 10, 2007, that they are withdrawing their motion for summary judgment I will convene an evidentiary hearing at the Maine State Prison. The purpose of this evidentiary hearing will be to develop a record on the sole issue of Rollins's attempts at exhaustion of the prison grievance procedure vis-à-vis the events surrounding the alleged seizure of his "appellate brief" and other legal materials in 2005 and the "closure" of the computer laboratory where these records were apparently located. At this hearing the defendants should be prepared to present to the court a complete record concerning Rollins's efforts to pursue his grievance from the time of the alleged seizure up to and including the events surrounding the July 2006 untimely grievance. The defendants should be prepared with copies of the actual documents filed in reference to Grievance 05-MSP-435 (October 13, 2005)(the grievance cited by Rollins in his summary judgment papers) and the procedural steps taken in regard to that grievance. They should also be prepared to present any disciplinary files or other documents pertaining to Larry Rollins that would shed light upon his claim that he was disciplined by being placed on "grievance restriction" and therefore prevented from pursuing a timely grievance in 2005. It is also unclear to me, based upon this record, why the October 2005 grievance was considered untimely if Rollins's complaint of seizure of materials relates to a computer lab that was closed in August "until further notice."[3] Rollins should also bring to the hearing any paperwork or

---

[3] The defendants complain that Rollins's original complaint had to do with the "seizure" of materials, not the closure of the lab. Without delving too deeply into the merits of this lawsuit, it is not inconceivable to me that the "seizure" Rollins complains of was the indefinite closure of a computer lab.

3

documents he has relating to the sole issue of his attempts to comply with the prison grievance procedure from the time of the alleged seizure of his legal materials up through July 2006.

If the defendants object to convening this evidentiary hearing, they must file any objection with me by April 10, 2007. I will then hold no evidentiary hearing and recommend the court deny the cross-motions for summary judgment. Based upon the record currently before me, I would have to conclude that there are issues of material fact that need to be resolved before this court could determine whether Rollins has exhausted available grievance procedures. In the absence of an evidentiary hearing to establish a factual record at this early date, I would recommend that the issue of exhaustion of the grievance be deferred until trial on the merits of the underlying claim (unless that claim is resolved on summary judgment in which case the issue of exhaustion would be moot).

*So Ordered.*

Dated March 27, 2007.          /s/Margaret J. Kravchuk
                               U.S. Magistrate Judge

---

While that may be relevant in one way to his underlying complaint, it may have a different relevance vis-à-vis this preliminary issue of exhaustion of administrative grievance procedures.