UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LARRY DEAN ROLLINS, )<br>     )<br>     Plaintiff )<br>     )<br>v. )<br>     )<br>MARTIN MAGNUSSON, et al., )<br>     )<br>     Defendants ) | Civil No. 06-103-B-W |

### RECOMMENDED DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT and
### RECOMMENDING DISMISSAL OF DEFENDANT ROBERT COSTIGAN

Larry Rollins, an inmate at the Maine State Prison, is suing multiple defendants alleging that they are responsible for the confiscation of his legal briefs and research notes stored on prison-owned hard drives and back-up diskettes purchased by Rollins. This confiscation, Rollins contends, infringed his constitutionally guaranteed right of access to the courts in that the confiscation allegedly foiled his efforts to comply with the briefing deadlines set vis-à-vis his appeal of a prison-condition civil rights action to the First Circuit Court of Appeals.   There are two motions for summary judgment pending in this case; one by the defendants on the sole argument that Rollins has not adequately exhausted his 42 U.S.C. § 1997e(a) remedies (Docket No. 33) and a cross-motion for summary judgment by Rollins arguing that he has done everything in his power to exhaust his remedies (Docket No. 41).  Rollins also filed a motion for an evidentiary hearing to address the outstanding issue of exhaustion and to "permit the litigation to proceed more efficiently."  I issued an order conditionally granting this motion and convened an evidentiary hearing on May 17, 2007, at the Maine State Prison.  After

hearing the testimony of Robert Costigan, the grievance review officer, and Larry Rollins, and receiving into evidence copies of Rollins's 2005 and 2006 grievances to the prison concerning the confiscation of his documents stored on the hard drives and his diskettes,[1] I deny the defendants' motion for summary judgment and I conclude that Rollins is entitled to judgment as a matter of law on his motion for summary judgment. I further recommend that the Court dismiss Defendant Robert Costigan from this suit pursuant to 28 U.S.C § 1915(e)(2)(B)(2).

## *Discussion*

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). The "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 921 (2007). It follows, that, when there is a genuine dispute of material facts with respect to the pleadings as to the question of exhaustion, it is sometimes necessary to convene an evidentiary hearing to determine whether or not a defendant can meets its burden of proving the affirmative defense. See e.g., Peterson v. Roe, Civ. No. 05-055-PB, 2007 WL 432962 (D.N.H. Feb. 3, 2007); Parker v. Robinson, Civ. No. 04-214-B-W, 2006 WL 2904780 (D. Me. Oct. 10,

---

[1] One concern raised by the summary judgment pleadings was Rollins's mention of the suspension of his grievance privileges and how that may have interfered with his ability to fully exhaust his administrative remedies. At the evidentiary hearing the defendants provided as Exhibit 1 a copy of the letter notifying Rollins of the suspension of grievances privileges. That letter is dated February 21, 2003, and indicates that his ability to submit grievances would resume on May 23, 2003. There is no dispute that this was the only time that Rollins's grievance rights were suspended and it is now clear that this suspension played no part in the exhaustion of his grievances apropos his access to court claims.

2006); Wigfall v. Duval, Civ. No. 00-12274-DPW, 2006 WL 2381285 (D.Mass. Aug. 15, 2006)

*Undisputed Facts*

As it turns out, there is no dispute between Rollins and the defendants as to the facts material to the 42 U.S.C. § 1997e(a) inquiry. The evidentiary hearing revealed the following:

On his October 14, 2005, "Client Grievance Form," Rollins wrote in the space provided for his concise statement of his complaint: "Confiscation my legal docs and materials of 1st Cir. Case No.05-1584. See '16' page attachments." (Evidentiary Hearing Ex. 2 at 1.) Rollins added a caption at the top of this form: This is a legal notice. His handwritten attachment includes the following relevant assertions:

> The specific nature of my complaint is as follows: 1. On or about the 1st week of Aug 2003 @ MSP Ed. Dept. closed the computer room and intentionally confiscated my computerized legal materials on the hard drive and on several computer disks regarding my U.S. Court of Appeals 1st Circuit case No. 05-1584, involving the following 24 MSP defendants and appellees.
> ….
> 7./ The confiscation of [my] legal materials prevented me from making certain United States Court of Appeals for the First Circuit No. 05-1584 court filings.
> ….
> 17./ When I asked the MSP computer room prison official when the computer room would reopen so I could continue doing my legal work or could get my legal materials out of the computer hard drive and from my software disk so that I could pursue my U.S. appeal Case No. 05-1584; they advise to read the notice on their front door which in effect read "Closed until further notice." A written notice was not provided at any time and when I inquired was told by prison officials that my legal materials were intentionally sent to Augusta, Maine Department of Corrections Commissioner, a defendant.
> 18./ I contacted Mike Lacutta, Polly Black, Anne Rourke, Sgt. Mendez, and other prison officials at the time of the closing of the computer room in person to attempt informal resolve of my complaint of the computer room closing and of my legal …materials therein to computer hard drive

3

> and my software disk and the results of the contact was stated that I must wait until I received further notice from the prison official and the notice never came which excluded me and others from the opportunity to informally resolve this complaint pursuant to the "Client Grievance Form; Form 1" and also made it impossible for me to acquire the signature on my complaint. I could not reach a resolution.

(Id. at 2-3, 5-6.)

Attached to this grievance is a letter by Rollins dated September 22, 2005, stating:

> I am asking when is the computer room going to open so I can continue doing my legal work that I was working on before they closed down?
> Or, I would like to get my legal material that I had permission to put on the computer off and place on my personally owned disk. And send my personal owned disk home, also not all the disks were brought through the DOC, one was brought through my attorney at the county jail.

(Id. at 13.)[2]

Rollins received an acknowledgment of receipt of this grievance which told him to contact Polly Black, as the person with jurisdiction over the matter, to attempt an informal resolution, and to return the grievance within the original fifteen-day time limit. (Id. at 16.) Rollins resubmitted the grievance on October 20, 2005. In response to that re-submission there is a check in the box next to: "Your grievance is being investigated. You should receive a written response within twenty (20) days." (Id. at 17.) As with the first acknowledgment, there is no check in the box next to: "Your grievance was filed after the fifteen (15) day time limit had expired and it was possible for you to have filed within the time limit. Your grievance is denied." Id.)

In the "Response to Grievance – Level I" Form III, Costigan indicates:

> I have completed the review of your grievance regarding access to legal files. The Computer Lab was closed and information on the system hard drive and a number of floppy discs are being held pending review. When the review is completed, a determination will be made regarding the

---

[2] This letter is not addressed to a particular individual but there is no dispute that it was incorporated into Rollins's October 2005 grievance package.

>release of individual file information contained on the system's hard drive and individual discs. In the meantime, if you have specific needs regarding the submission of legal documents to a court you should contact the Advocate, Anne Rourke.
>	However, I would like to add that you took risk in relying on the computer hard drive and compact discs to store you legal notes/response/actions. You should have retained hard copies of these files. Further, Records indicate that you are confined in the Special Management Unit and would not have access to the floppy discs or the Computer Lab anyways. For these reasons, your grievance is denied.

(Id. at 18.)

On Rollins's Form V appeal of the Costigan decision he opines:

>I would like to add that computer room had a 10 page hard copy rule of any computer files and my legal files that I need to copy from my No. 05-1584 United States Court Appeals against 24 Maine State Prison officials was confiscated several weeks ago when I need them … the most and when I was not confined in the Special Management Unit and then I would or did in fact have access to my floppy disc or computer lab … There was no written notice of risk of confiscation of [any] legal materials; also it was the new computer lab rule for all inmates to record or store all of their compact discs on the computer drive. I also contacted advocate Anne Rourke several weeks ago and Cap't [surname unclear] about my specific needs regarding the submission of my legal documents to the U.S. appeals court Re: No. 05-1584. This was intentional retaliation by Maine State Prison officials in order to escape liability.
>	Also the MSP Official had already damaged[d] my appeals case No. 05-1584 weeks before my confinement to the Special Management Unit, and I believe that you must have known this fact already because I already informed you of it in writing! So please review the record of my grievance and attachments.
>	P.S. I would like to add that I am confined in the Special Management Unit due to peripheral blindness in both my eyes and I have % reliability in both of my eyes which led to accidents that led to attack on me! The medical Dept @ MSP failed to address or protect me from this danger….

(Id. at 19.)

Warden Jeffrey Merrill's Level II response was as follows:

>	I have completed a review of your grievance appeal and the Grievance Review Officer's response.

5

> The Grievance Review Officer's response to your grievance is correct. The Computer Lab use is under review. After the completion of the review, a determination will be made about the individual discs and the information that was stored on the hard drive.
> It is not necessary or essential to prepare legal work on computers, word processors, or to store such material on discs. You have the ability to keep a hard copy of written work. Your appeal is therefore denied.

(Id. at 20.)

Finally, Rollins filled out a form to grieve Merrill's determination which reads:

> The damage has already been done! The legal work, my legal work that has been confiscated by the Maine State Prison Administration that involves 24 prison employees with the exception of the commissioner, regarding United States Court of Appeals for the First Circuit Case No. 05-1584 was unwarranted, unjustified and retaliatory. Therefore, for the reasons stated above I pursue the Maine Department of Corrections Grievance process and for the protection of my rights. I personally believe that confiscation of my legal work in question was an act by the administration to escape liability in the expensive civil litigation.
> P.S. I must continue with this grievance process in spite of the continued harassment and threats by the Maine State Prison Officials/Employees. I truly believe that this is a matter for the courts – to by fairly and justly over seen by the law because I am not much for trickery and collective attacks!

(Id. at 21.)

And Commissioner of Corrections Martin Magnusson responded: "This will acknowledge receipt and review of your grievance appeal… . You did not file your grievance within the 15 day time limit. For this reason, your grievance is denied." (Id. at 22.)

At the evidentiary hearing we also explored a July 2006 grievance filed by Rollins that revisited the grievance of October 2005. (Id. Ex. 3.) Although it demonstrates Rollins's tenacity with respect to exhausting his administrative remedies it is not, in the end, relevant to my conclusions apropos exhaustion.

In Woodford v. Ngo the United States Supreme Court explained:

6

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

__ U.S. __, __,126 S.Ct. 2378, 2385 (2006) (Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

There is no question in my mind that Costigan, Merrill, and Magnusson had a fair and full opportunity to adjudicate Rollins's October 2005 grievance concerning the denial of access to his legal materials stored on the hard drive and diskettes.  Given that Rollins was clearly grieving the continued confiscation of his legal material and that the on-the-scene determinations by Costigan and Merrill were that his grievance was timely, I am baffled by Magnusson's unexplained conclusion that Rollins's grievance ran afoul of the fifteen-day time limit.  I recognize that:  "'[A]s a general rule ... courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice.'"  Ngo,126 S.Ct. at 2385 (quoting, with emphasis, United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952)).  However, with regards to Magnusson's summary conclusion that Rollins's grievance was not timely, Rollins had no further avenue to assert an objection to this third-stage determination.  In any event, in order to file suit in this court Rollins is simply required to exhaust the available process in accordance with prison rules.  He clearly did so in this instance as evidenced by Costigan and Merrill's substantive responses to his complaint.

7

### *Recommendation that Robert Costigan be Dismissed as a Defendant*

This "court shall dismiss the case at any time if the court determines that … the action… fails to state a claim on which relief may be granted." 28 U.S.C § 1915(e)(2)(B)(2); Jones, 127 S. Ct. at 920 (recognizing 28 U.S.C § 1915(e)(2)(B) judicial screening and sua sponte dismissal of prisoner suits on four grounds including failure to state a claim); Id. at 924 ("As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."); see also 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.").

The only allegations in Rollins's amended complaint that pertain to Costigan concern Costigan's handling of his grievances. It is clear that Rollins is not maintaining that Costigan played any other role in the decisions/actions relating to the computer hard drive or his diskettes. The testimony and the exhibits at the evidentiary hearing demonstrate that Costigan received Rollins's October 2005 grievance and, after assuring that Rollins attempted informal resolution, he investigated his complaint and gave Rollins a substantive Level I response, set forth above. Costigan then assured that Rollins's Level II grievance appeal was forwarded to Warden Jeffery Merrill, who, in turn, also provided a substantive response. Although Costigan represented at the evidentiary hearing that he now viewed Commissioner Magnusson's determination as correct, he

cannot be held legally responsible for anything Magnusson did or did not do vis-a-vis this grievance. Certainly Costigan's own handling of it was without any constitutional flaw and he should be dismissed from the lawsuit because the allegations against him fail to state any cognizable claim.

## *Conclusion*

For the reasons set forth above, I recommend that the Court **DENY** the defendants' motion for summary judgment (Docket No. 33) and I recommend that the Court **GRANT** Rollins's cross motion for summary judgment (Docket No. 41). By granting Rollins's cross motion for summary judgment, the court puts to rest the issue of exhaustion of the grievance procedure and can address this case on its merits. I further recommend that the court dismiss Defendant Robert Costigan from this suit pursuant to 28 U.S.C § 1915(e)(2)(B)(2). As for the remaining defendants in this action, I recommend that the court give them until July 1, 2007, to file early dispositive motions on the substantive issues in this case, failing which a scheduling order will issue.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

May 21, 2007.