UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LARRY DEAN ROLLINS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 06-103-B-K |
| | ) |
| MARTIN MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

### AMENDED[1] MEMORANDUM OF DECISION[2] (Docket No. 96 )and
### Order Denying Motion to Intervene/Extend Time (Docket No. 111) and Striking Untimely Cross Motion for Summary Judgment (Docket No. 116)

Larry Rollins, an inmate at the Maine State Prison, is suing multiple defendants alleging that they are responsible for the confiscation of his legal briefs and research notes stored on prison-owned hard drives and back-up diskettes purchased by Rollins.  This confiscation, Rollins contends, infringed his constitutionally guaranteed right of access to the courts in that the confiscation allegedly foiled his efforts to comply with the briefing deadlines set vis-à-vis his appeal of a prison-condition civil rights action to the First Circuit Court of Appeals.  Now pending is a second motion for summary judgment filed by the defendants, Martin Magnusson, Jeffrey Merrill, Mike Lokuta, Polly Black, Anne Rourke, and Sergeant Mendez (Docket No. 96), and two motions filed by Rollins, a motion to intervene and enlarge the discovery deadline (Docket No. 111) and a second cross-motion for summary judgment (Docket No. 116), which was filed after the deadline for filing dispositive motions.  I now grant the defendants' motion for

---

[1]     The word "Recommended" has been removed from the heading "Disposition of Motion for Summary Judgment" on page 5.

[2]     Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge Margaret J. Kravchuk conduct all proceedings in this case, including trial, and to order entry of judgment.

1

summary judgment.  I deny the motion to intervene and to extend the discovery deadlines and strike Rollins's second cross-motion for summary judgment.

## *Discussion*

### *Summary Judgment Standard*

"At the summary judgment stage," the United States Supreme Court explained in Scott v. Harris, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." __ U.S. __, __, 127 S. Ct. 1769, 1776 (2007) (citing Fed. Rule Civ. Proc. 56(c)).  Scott reemphasized, "'[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)). "'[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)).  Rollins cannot defeat summary judgment by relying on "'conclusory allegations, or rank speculation.'" Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007) (quoting Fontánez-Núñez v. Janssen Ortho LLC, 447 F.3d 50, 55 (1st Cir. 2006)).

### *Actual Injury Requirement of a Denial of Access to Court's Claim*

There can be no question that Rollins has stated a "backward-looking" claim for denial of access to the courts. See Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  To succeed with such a claim Rollins must be able to establish that his ability to litigate his appeal to the First Circuit was impeded to such an extent that it impacted the outcome of his appeal; that is he must

make a showing of "actual injury."  See  Lewis v. Casey, 518 U.S. 343, 351-53 & ns. 3& 4 (1996); Sowell v. Vose, 941 F.2d 32, 34 -36 (1st Cir. 1991).

*Material Facts*

Larry Dean Rollins, was a prisoner in the custody of the Department of Corrections at the time he filed this lawsuit. (SMF ¶ 1.) Mr. Rollins remains a prisoner in the Department's custody. (Id. ¶ 2.) During the first week of August, 2005, Mr. Rollins's computer discs were confiscated, as were those of the other inmates.  (Id. ¶ 3.)  Mr. Rollins could have made a hard copy of the materials on his discs prior to the time the Computer Lab closed down. (Id. ¶ 4.)  Mr. Rollins's discs were marked by him as containing legal material. (Id. ¶ 5.) Even though Mr. Rollins's computer discs were taken from him, he had continued access to the law library and the general library during his recreation time, which is three to four hours on weekdays for general population prisoners in order to do legal research.  (Id. ¶ 6.)  In addition to access to both libraries during his recreation time, Mr. Rollins would have been given special accommodations if he had a court document that was time sensitive that required that he have extra access to the library.  (Id. ¶ 7.)  Mr. Rollins could have used the typewriter in the general library if he did not want to hand-write his documents. (Id. ¶ 8.)  Mr. Rollins was given a copy of all the materials on his discs on June 26, 2006, by Mike Lokuta, who personally made those copies. (Id. ¶ 9.)  Mike Lokuta looked at Mr. Rollins's folder on the disc entitled by Mr. Rollins as "Legal Brief" and it contained no document.   (Id. ¶ 10.)

Larry Rollins had from the date of the computer lab closing, the first week of August 2005, until the final judgment in his First Circuit case- over seven months- in which to research the issues relevant to his claims in that case.  (Id. ¶ 11.)   On October 11, 2005, Mr. Rollins filed an objection to the Magistrate's Recommended Decision, which was deemed as his brief in the

3

First Circuit case No. 05-1584. In that objection, Mr. Rollins also claimed to be unable to prepare an appeal properly because of his poor vision. (Id. ¶ 12.)[3] Mr. Rollins made no mention of a problem with the confiscation of his legal materials by the prison being the problem or any part of the problem which caused his inability to prepare his legal brief for his case. (Id. ¶ 13.) On October 3, 2005, Mr. Rollins was granted an extension until October 26, 2005, to file his brief in response to a motion he filed on September 22, 2005. (Id. ¶ 14.) The September 22, 2005, sworn motion by Mr. Rollins cited impaired vision and inability to read legal work, the need for counsel, medical evidence, and the lack of ability to use court rules as the reasons for needing an extension to file his brief. (Id. ¶ 15.) Nowhere in the September 22, 2005, sworn motion is there any reference to the confiscation of his legal materials as a need for an extension to file his brief. (Id. ¶ 16.)

In his opposition to the statement of facts Rollins admits each and every statement and, with respect to each and every statement, he adds the proviso: "Plaintiff may agree that the defendants' factual allegations are true and they tell the whole story, but still believe that those facts show that Plaintiff's rights were violated. That is the case." (Reply SMF ¶¶ 1-15.)[4]

In "Plaintiff's Opposition to Motion for Summary Judgment and Cross Motion for Summary Judgment Brief Attachment" Rollins writes:

> The Plaintiff Larry Dean Rollins is pursuing a federal civil rights lawsuit in which he alleges that the defendants violated his civil rights and caused me an "actual injury" when they willfully with deliberate indifference confiscated/seized/ destroyed legal documents stored on [his] individual discs [and] the information that was stored on the hard drive of the prison computer lab and [he] was put on a so called grievance restriction pending a computer lab review or computer lab security investigation; which at the time rendered administrative remedies

---

[3] The statement of fact actually contains two Paragraph 12s. I have just consolidated the two Paragraph 12 statements.
[4] I state each and every statement, but while the defendants include an additional statement by using a redundant number, Rollins not only overlooks this defect but he neglects to respond to Paragraph 16.

> unavailable to [him or me], which allegedly cause <u>me</u> the "loss of opportunity to seek a $2,165,000.00 particular order of relief: In this backward-looking underlying cause of action; that is, with respect to the part of <u>my</u> complaint that alleges a denial of access to court; and plaintiff Rollins identification of my non-frivolous underlying cause of action supposedly lost in this alleged <u>government cover-up</u>.  See <u>Harbury</u>'s threshold pleading requirement and see: Christopher v. Harbury, 536 U.S. 403, (2002).
>
> And to clarify …
> Please let the court note:
>
> This is a case where I Plaintiff Larry Dean Rollins [is seeking damage] e.g., I Plaintiff Rollins is seeking the total amount of the remedy; which is $2,165,000.00 or which demonstrates and reflects my damage or "loss of opportunity to [that $2,165,000.00 particular order of relief]; [plus] the additional damage.
>
> The damage type is also:
> $309,285.71 compensatory
> $700,000.00 punitive damages
> $100.00 complete court cost compensatory remedy[.]

(Pl.'s Opp'n & Cross Mot. at 1.)

### *Disposition of Motion for Summary Judgment*

In ruling on Rollins's direct appeal the First Circuit reasoned:

> In this 42 U.S.C. § 1983 action, plaintiff claimed that he had received inadequate medical care in prison for a serious medical condition.  The district court, after a thorough analysis of the evidence submitted by the parties, determined that there was no genuine issue of material fact in dispute and granted summary judgment in favor of the defendants. While the court determined that plaintiff's diabetes was a serious medical condition, it held that he had failed to provide admissible evidence establishing deliberate indifference. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).
> After many extensions of the deadline for submission of a brief on appeal, appellant has submitted an objection to the reports and recommendations of the magistrate judge, which were adopted by the district court. This filing identifies no specific objection and makes no reference to the record.  Appellees have moved for summary disposition of the appeal, arguing that the absence of anything other than a general objection to the determination of the district court renders it impossible for them to file an answering brief.  We agree.

Rollins v. Magnusson, Judgment, No. 05-1584 (1st Cir. Mar. 15, 2006.)

It goes without saying that to succeed with a denial of access to court claim the impediment of which the plaintiff complains must be the restriction of access to legal materials and/or assistance not some other factor, such as a health impediment. See Casey, 518 U.S. at 351-53 & ns. 3& 4; Sowell, 941 F.2d at 34 -36. The record here is that Rollins represented to the First Circuit that he was having difficulty complying with its deadlines because of his impaired vision/medical conditions. What is more, while Rollins may not have had as much access to his legal materials as he wanted in the form he wanted, he was able to see his appeal through and obtain a ruling from the First Circuit on the merits. The First Circuit docket also bears witness to that court's patience with Rollins as a pro se litigant. On this record there simply is not actual injury to Rollins vis-à-vis his direct appeal stemming from the complained of limitation on Rollins's access to his legal briefs and research notes stored on prison-owned hard drives and back-up diskettes.

### *Motion to Intervene and Extend Discovery Deadlines and Second Cross-Motion for Summary Judgment*

On August 13, 2007 -- already seventy-two docket entries into this case -- I entered a scheduling order. As relevant to Rollins's motion to intervene and to extend discovery deadlines and his second cross-motion for summary judgment, this order set January 14, 2008, as the deadline to complete discovery. The Deadline for dispositive motions was set at February 4, 2008. And, a May 6, 2008, ready for trial date is indicated.

In his motion to intervene and enlarge the discovery deadline -- filed on February 28, 2006 -- Rollins objects to all the defendants' discovery requests and interrogatories. He charges the defendants with intentionally covering-up/withholding his materials. He maintains that the

6

defendants' attorney has not sent all of the discs that they were ordered by this court to send by January 2, 2008.  He also reasons that this failure to turn over the discs warrants an extension of discovery deadlines, per the Court's prior order.  Finally, Rollins complains of patent infringement resulting from the confiscation of his legal materials.

I am all too cognizant of Rollins's disputes with the defendants concerning the conduct of discovery in this and his prior Eighth Amendment action.  I in no means belittle Rollins's strident self-advocacy as a pro se litigant when I say that this motion is yet the most recent of a ongoing and trying dialogue between the court and the parties apropos discovery.  I now exercise my discretion and deny this motion.  As indicated above, briefing is now complete on the defendants' second motion for summary judgment and I have set forth my order as to that motion.  I cannot discern any new factual basis in Rollins's motion that would justify any intervention or extension.

As for Rollins's second cross-motion for summary judgment, I again exercise my discretion and strike this as untimely.[5]  I stress that I take this action because of the particular contours of this case and a docket that demonstrates protracted and fruitless efforts on Rollins's part to delay the inevitable.[6]

*Conclusion*

In view of the above discussion, I now grant the defendants' motion for summary judgment (Docket No. 96). I deny the motion to intervene and to extend the discovery deadlines

---

[5] I also note, as do the defendants in their response to this motion (Docket No. 117), that there is nothing in these filings that undercuts the defendants' entitlement to summary judgment on their second motion for summary judgment.

[6] I might have more difficulty making this call if I had any reason to believe that the outcome might be different if Rollins was represented by counsel.

(Docket No.111) and strike Rollins's second cross-motion for summary judgment (Docket No. 116).

April 10, 2008.                    /s/Margaret J. Kravchuk
                                   U.S. Magistrate Judge